## W. H. H. RIDER *v.* WRIGHT & MARSHALL.

*The slave was sold on the 13th December, 1851, and died on the 21st of September, 1852. Plaintiff sued to recover the purchase money, and alleged that a few days after the purchase, he discovered that the slave was afflicted with serious redhibitory vices, &c. Held: Plaintiff should not have kept the slave for months without making at least an effort to procure an amicable rescission of the sale.*

APPEAL from the District Court of the Parish of Terrebonne, *Cole,* J. *J. C. & A. Beatty,* and *W. M. Mercer,* for plaintiff. *Ilsley & Belcher,* for defendants and appellants.

SPOFFORD, J. This is a redhibitory action for the price of a slave, alleged to have been unsound in mind and body, although fully warranted in the act of sale.

The sale was made in the parish of Terrebonne, on the 13th of December, 1851, the vendors being residents of Kentucky.

The boy died on the 21st of September, 1852. No offer to return the slave or to rescind the contract was alleged or proved. We think the defects for which the plaintiff now claims a return of the price, were independent of the last illness which produced the death of the slave. That illness was the result

RIDER
*v.*
WRIGHT.

of an acute disease and lasted but a few days. The main defect relied on is alleged imbecility of mind. But the plaintiff declares in his petition that a few days after the purchase, he discovered that the slave was afflicted with most serious redhibitory vices and defect, both of body and mind.

He should not have kept him nine months without making at least an effort to procure an amicable rescission of the sale.

The District Judge seems to have thought the plaintiff was excused by the fact that his vendors were non-residents of the State. It is true the law does not exact impossibilities. But to avail himself of such an excuse, the plaintiff should have made the impossibility apparent. It is not shown that the defendants misrepresented or concealed their residence. This offer to return could have been made by letter. Besides, one of the vendors was often in the parish of Terrebonne. The notary who passed the act of sale to the plaintiff, says he bought mules of one of the defendants at Houma in February or March, 1852. The plaintiff's shop is near the town of Houma.

Judgment reversed, and judgment for defendants.